UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| MOHAMMAD DOUD and AHMED WALID ROKAI,<br><br>             Plaintiffs,<br><br>    v.<br><br>QAYYUM KOCHAI and NADIA MERRIWEATHER,<br><br>             Defendants.<br>_____/ | No. C 12-6061 MEJ<br><br>**ORDER RE: MOTION TO DISMISS FOR FORUM NON CONVENIENS**<br><br>Re: Docket No. 20 |

## INTRODUCTION

Plaintiffs Mohammad Doud and Ahmed Walid Rokai ("Plaintiffs"), who are residents of Germany, bring this case against Defendants Qayyum Kochai and Nadia Merriweather ("Defendants"), who reside within this District, alleging that Kochai (acting as agent for Merriweather) falsified the legal description of two parcels of land in Afghanistan that were owned by Plaintiffs and sold the parcels for less than fair value, with the proceeds shared between Kochai and Merriweather. Jt. Rpt. at 1, Dkt. No. 15. Defendant Kochai now brings a Motion to Dismiss Action for Forum Non Conveniens, arguing that the case should be heard in Afghanistan. Dkt. No. 20. Defendant Merriweather subsequently brought a Motion for Joinder in Kochai's Motion, which the Court granted. Dkt. Nos. 24, 27. The Court finds Defendants' Motion suitable for disposition without oral argument and VACATES the October 10, 2013, hearing. Civ. L.R. 7-1(b); Fed. R. Civ. P. 78(b). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court now issues the following order.

# BACKGROUND

The following factual allegations are taken from Plaintiffs' Complaint. Dkt. No. 1. In May 2011, Kochai sold 4.5 jeribs of land in the Logar province of Afghanistan for $120,000. Compl. ¶ 8. Plaintiffs allege that Doud had acquired the land in April 2005 by irrevocable sale deed in which the land is described as "Land Parcel #2: (total area 4.5 jeribs) this land parcel is bounded in the east by the landed property Daud s/o Zemard, in the west by the branch of the public stream and north by branch of the public stream and in the south by the landed property of Mohammad Omar s/o Mohammad Omar s/o Mohammad Ayoub." *Id.* ¶ 10. Rokai had loaned Doud over $350,000 in 2005 and, as security, taken a power of attorney over title to the 4.5 jeribs of land. *Id.* ¶ 9.

Kochai had a power of attorney for the heirs of his late brother Abdul Hadi Khan, the owner of a parcel of land in Logar province Afghanistan, described in an Irrevocable Title Deed 2/47 dated in 12/04/2006 as "land parcel 3 (4 jeribs) is bounded in the east by Kabui-Logar Highway, in the west by the landed property of the Vendor in the north by the landed property of Mohammad Hossain Khan s/o Bahram Khan and in the south by the landed property of the Vendor." *Id.* ¶ 11.

In May 2011, Kochai prepared a Customary Title Deed on his own behalf and as proxy for the heirs of his late brother Abdul Hadi to sell the lands described in irrevocable title deed 2/47, but with the following description in the title deed: "Metes and bounds land parcel #3: The land parcel is bounded in the east by property belonging to the heirs of Sayed Rahman s/o ( ) g/s/o ( ) in the west by the Surkhabad and Waghjan public stream in the south by the landed property of the heirs of Sayed Rahman s/o ( ) g/s/o and by the landed property of Zahit Jama Gul s/o ( ) g/s/o ( ) and Mohammad Osman s/o ( ) and heirs of Sayed Rahman s/o ( ) g/s/o ( ) with a total area of 6 jeribs." *Id.* ¶ 12.

For the purposes of transferring the land, pursuant to the laws of Afghanistan, an application prepared by Kochai was made to a District Judge in the province of Logar in which paragraph #4 "transfers Land parcel #4 with a total area of 4 jeribs is bounded in the east by the landed property belonging to the inheritors of Satyed Rahman s/o Yaqub Shan, in the west by the Surkhabad Waghjan stream, in the north by the public stream and in the south by the landed property belonging to the

inheritors of Sayed Rahman s/o Yaqub Shah and Mohammed Osman s/o Mohammad Omar, grandsons of Mohamad Ayoub." *Id.* ¶ 13.

Plaintiffs allege that, in order for Kochai to sell the 4.5 jeribs as if it was land for which he held the power of attorney, Kochai purposely misdescribed the 4.5 jeribs as being only 4.0 jeribs in order to not exceed the 4.0 jeribs as is described in the other parcel over which Kochai held a power of attorney. *Id.* ¶ 14.

Rokai subsequently met Mohammad Khan, a resident of Germany, who purchased the land from Kochai and who identified the land purchased as including the 4.5 jeribs misdescribed by Kochai in the application to the district judge and in that Customary Title Deed. *Id.* ¶ 15. Plaintiffs allege that Khan informed Rokai that not only did Kochai pay the district court judge a bribe of $1,100, but he also asked Khan to pay half the bribe and to alter the disclosed price paid to be lower than the actual price so that Kochai would not have to account to the heirs of his late brother, Abdul Ghani Khan. *Id.*

Doud also had inherited 2.7 jeribs of ancestral lands in Kabul province described as "2.7 jeribs land beside the orchard with cadaster no. 84" from his late father, who had inherited the lands from the late Abdul Ghani Khan, title to which had been transferred from the estate to Doud by transfer documents prepared by Kochai. *Id.* ¶ 16. Plaintiffs allege that Kochai has admitted to Rokai that he sold the 2.7 jeribs at the same time that he sold the adjacent lands that he owned because his adjacent lands were smaller than believed and he had to add into the transfer deed the 2.7 jeribs to satisfy the purchaser. *Id.* ¶ 17.

Plaintiffs filed their Complaint on November 29, 2012, alleging theft of property and conversion. Plaintiffs allege that they have lost the value of the 2.7 jeribs, which they estimate as worth over $150,000, and the value of the 4.5 jeribs, which they estimate as worth over $300,000. *Id.* ¶ 18. Plaintiffs further allege that Merriweather received funds from Kochai from the sale of the 4.5 jeribs, and that Merriweather is responsible for the acts and resulting damages caused by Kochai because he is her agent, as he held her power of attorney. *Id.* ¶ 19. Plaintiffs seek compensatory damages in excess of $450,000, punitive damages against Kochai for his intentional acts, and

3

attorney's fees and costs. *Id.*

On September 5, 2013, Kochai filed the present Motion to Dismiss for Forum Non Conveniens. Dkt. No. 20. Plaintiffs filed their Opposition on September 19, 2013. Dkt. No. 23. Merriweather filed a Motion for Joinder in Kochai's Motion, which the Court granted on September 19, 2013. Dkt. Nos. 24, 27.

## LEGAL STANDARD

The doctrine of forum non conveniens allows a court to decline otherwise proper jurisdiction when the chosen forum is disproportionately inconvenient to the defendant or inappropriately burdensome to the court. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). "A district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001). A party moving to dismiss based on forum non conveniens bears the burden of showing that (1) there is an adequate alternative forum, and (2) the balance of private and public interest factors favors dismissal. *Id.* at 1142-43. The burden is on the moving party, who must make "a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to a plaintiff's convenience." *Boston Telecomm. Grp., Inc. v. Wood*, 588 F.3d 1201, 1212 (9th Cir. 2009). A plaintiff's choice of forum will not be disturbed unless the private and public interest factors strongly favor trial in the foreign country. *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1334 (9th Cir. 1984).

## DISCUSSION

In their Motion, Defendants argue that this matter should be heard in Afghanistan because: (1) nearly all of the percipient witnesses are located in Afghanistan and would be severely inconvenienced if the trial were conducted in this District; (2) the land that is the subject of this litigation is in Afghanistan; and (3) the land was sold subject to Afghan law. Mot. at 7-8.

In response, Plaintiffs argue that the facts do not support the claim of forum non conviens because all the relevant witnesses will be at trial and an objective alternative method of determining the issue exists, U.S. surveillance imagery of the area. Opp'n at 5. Plaintiffs further argue that public

4

1  policy dictates that the Plaintiffs' only remedy is in America, where Kochai hides from Afghanistan
2  law. *Id.*

**A.     Adequate Alternative Forum**

"At the outset of any forum non conveniens inquiry, the court must determine whether there exists an alternative forum." *Piper Aircraft*, 454 U.S. at 254 n. 22.  "Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction" and the other forum "permit[s] litigation of the subject matter of the dispute." *Id.* (citation omitted).  The fact that the law of the foreign forum differs from American law "should ordinarily not be given conclusive or even substantial weight" in assessing the adequacy of the forum. *Id.* at 247.

Here, the Court finds that Afghanistan is an adequate alternative forum.  First, there is no evidence to suggest that Afghanistan would not permit litigation related to the alleged fraudulent sale of land that is located in Afghanistan.  In fact, this case is based entirely on the alleged fraudulent sale of land in Afghanistan, which necessarily involves the application of Afghan law.

Plaintiffs argue that Kochai will not be going to Afghanistan as he will not want to face a criminal charge.  Opp'n at 3.  They provide no authority, and the Court is aware of none, in support of the proposition that a forum is considered inadequate because a defendant might also face criminal charges in that forum.  Plaintiffs also argue that there is no method to collect on a judgment in Afghanistan "without coming to America to collect it [ ] through the judicial process of this court." Rokai Decl. ¶ 12, Dkt. No. 23-2; Opp'n at 4.  However, given that Plaintiffs were able to avail themselves of the judicial process in this District by filing their Complaint here, the Court finds no reason to believe they would be unable to utilize the judicial process of this Court to collect on any judgment entered in Afghanistan.  Accordingly, the Court finds that Afghanistan provides an adequate alternative forum.

**B.     Balance of Private and Public Interest Factors**

     1.     <u>Private Interests</u>

The private interests a court should consider when conducting a forum non conveniens analysis include: (1) the residence of the parties and witnesses; (2) the forum's convenience to the

5

litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; (7) any practical problems or other facts that contribute to an efficient resolution. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1180 (9th Cir. 2006).

Here, the Court notes that Plaintiffs are residents of Germany. A domestic plaintiff's forum choice is entitled to considerable deference, whereas a foreign plaintiff's forum choice is entitled to less deference. *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000) (citing *Piper Aircraft*, 454 U.S. at 256). Indeed, "[t]he weaker the connection between a plaintiff's U.S. activities, even those of a U.S. plaintiff, and the events at issue in the lawsuit, the more likely it is that defendants attacking the plaintiff's choice of a U.S. forum will be able to marshal a successful challenge to that choice." *First Union Nat'l Bank v. Paribas*, 135 F. Supp. 2d at 443, 447 (S.D.N.Y. 2001), *aff'd* 48 Fed. Appx. 801, 2002 WL 31267985 (2d Cir. 2002). Thus, even though the Court gives some deference to Plaintiffs' choice of forum, as foreigners, there choice is entitled to less deference and this factor alone does not bar the Court from dismissing a case on the ground of forum non conveniens. *Contact Lumber Co. v. P.T. Moges Shipping Co., Ltd.*, 918 F.2d 1446, 1449 (9th Cir. 1990) (citation omitted) (noting that, even with the presence of American plaintiffs, this factor is not in and of itself sufficient to bar a district court from dismissing a case on the ground of forum non conveniens).

Further, it appears that all the witnesses, with the exception of the named Defendants, are located in Germany or Afghanistan, with most potential witnesses located in Afghanistan. According to Kochai, the Afghan District Court appointed a surveyor to identify the land and ten local citizens acted as witnesses to the survey. Kochai Decl. ¶ 8, Dkt. No. 21. These witnesses are all located in Afghanistan, and it is possible that other witnesses reside in Afghanistan as well. If any of these witnesses are unwilling to testify, it is likely easier for an Afghan court to compel their testimony.

As to the forum's convenience to the litigants, this District would appear to be more convenient for Defendants, yet this factor is not relevant for them as they are the ones that seek to have the case brought in Afghanistan. As to Plaintiffs, they have provided no reason why

Afghanistan is less convenient for them than this District.

Given that the land is located in Afghanistan and it will likely be necessary to determine the location of the parcels, access to physical evidence is likely more convenient in Afghanistan. Finally, given that the parties and most (if not all) witnesses are citizens of Afghanistan, practical problems such as language barriers can more easily be avoided by litigating this matter in Afghanistan.

Plaintiffs argue that "[t]his is [a] case where the Defendant sold a parcel of land in a totally different place than where he owned land and the difference in location is readily observable by the three available witnesses," – "Khan Mohammad Massoud, his brother Mr. Gahzi and by Mr. Rokai." Opp'n at 4, 5. However, given that Defendants argue that other witnesses are necessary to make this determination, the Court finds it inappropriate to limit the scope of the case based solely on Plaintiffs' allegation. In sum, the Court finds that the private interests in this case weigh in favor of dismissing the matter for forum non conveniens.

### 2. Public Interests

The public interests a court should consider when conducting a forum non conveniens analysis are: (1) the local interest in the lawsuit; (2) the court's familiarity with the governing law; (3) the burden on local courts and juries; and (4) congestion in the court. *Tuazon*, 433 F.3d at 1181. California's interest in this litigation is not particularly strong, based only on Defendants' California residence. Plaintiffs have not alleged that they have any other connection to California, and this suit concerns activities and events that took place in Afghanistan and Germany regarding the alleged fraudulent sale of land in Afghanistan. Further, the determination of whether the sale was fraudulent involves the application of foreign law; thus, dismissal would permit avoidance of unnecessary problems in interpreting Afghan laws. And, perhaps most importantly, dismissal would avoid burdening citizens of this District with jury duty in this unrelated forum. Thus, the public interest factors militate in favor of dismissal. These factors demonstrate to the Court that dismissal is appropriate.

### 3. Summary

In sum, the Court finds that Afghanistan is an adequate alternative forum, and the private and

public interest factors weigh in favor of dismissal.

## CONCLUSION

Based on the analysis above, the Court GRANTS Defendants' Motion to Dismiss for Forum Non Conveniens. In the interests of justice, this matter should be heard in Afghanistan. The case is hereby DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: September 23, 2013

_____
Maria-Elena James
United States Magistrate Judge